UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>        Plaintiff, )<br>)<br>        v. )<br>)<br>BRETT H. WEYMOUTH, )<br>VICTORIA E. NESIN, fka )<br>VICTORIA E. LORD )<br>)<br>        Defendants. ) | CV-06-3-B-W |

## JUDGMENT OF FORECLOSURE AND SALE

This action having been brought to recover a sum certain, to wit, the balance due on promissory note and mortgage, and Brett H. Weymouth having filed an answer; and defendant, Victoria E. (Lord) Nesin having been defaulted; and it appearing that there is no genuine issue as to any material fact; and that the United States of America, plaintiff herein, is entitled to such judgment on the complaint;[1] and it appearing from the Declaration of Kimberley P. Meikle that Brett H. Weymouth and Victoria E. (Lord) Nesin are neither infants nor incompetent, nor in the military service of the United States, and the total amount due to the United States, Rural Development is $121,233.60

---

[1] Although Mr. Weymouth filed an answer to the Complaint (Docket # 6), he did not respond to the Government's motion for summary judgment (Docket # 10).  *See* Local Rule 7(b)("Unless within twenty-one (21) days after the filing of a motion the opposing party files written objection thereto…the opposing party shall be deemed to have waived objection").  It is well established in the First Circuit that a moving party is not automatically entitled to summary judgment simply because the opposing party does not respond.  *See De la Vega v. San Juan Star, Inc.,* 377 F.3d 111, 115-16 (1st Cir. 2004)(citations omitted).  Nevertheless, an opposing party who fails to file the required response:
> [W]aives the right to controvert the facts asserted by the moving party in the motion for summary judgment and the supporting materials accompanying it. The court will accept as true all material facts set forth by the moving party with appropriate record support.  If those facts entitle the moving party to judgment as a matter of law, summary judgment will be granted.

*Id.* at 116 (citing *Jaroma v. Massey,* 873 F.2d 17, 21 (1st Cir. 1989)).  Reviewing the Government's motion, and accepting the facts alleged with record support as true, this Court concludes that the Government has met its burden on summary judgment.

together with interest and costs; now upon Plaintiff's Motion for Default Judgment and Motion for Summary Judgment, it is:

ORDERED, ADJUDGED, AND DECREED that:

1. The Motion for Summary Judgment as to Brett H. Weymouth is granted for the plaintiff.

2. Motion for Default Judgment as to defendant, Victoria E. (Lord) Nesin is granted for the plaintiff.

3. Brett H. Weymouth and Victoria E. (Lord) Nesin have breached the conditions of plaintiff's mortgage.

4. The real property, which is the subject of this action and judgment, is as described in the complaint and as described in a real estate mortgage executed by Brett H. Weymouth and Victoria E. (Lord) Nesin and recorded in the Penobscot County Registry of Deeds in Book 5115, Page 037.

5. There is due the United States, Rural Housing Service the sum of $67,957.58 in principal, together with total subsidy granted in the amount of $39,826.28, together with $13,449.74 in interest as of December 19, 2005, for a total of $121,233.60, plus interest accruing thereafter to the date of judgment at the rate of $15.0612 per day, plus any advances made thereafter under the terms of the mortgages and security agreements, plus costs.

6. If Brett H. Weymouth and Victoria E. (Lord) Nesin, their successors, heirs, or assigns do not pay the plaintiff the amount adjudged to be due herein within 90 days from the date of this Order, a representative of the Rural Housing Service, Department of Agriculture, on behalf of the plaintiff, shall sell the mortgaged real property at public sale

pursuant to the requirements of 28 U.S.C. Section 2001, 2002, and 2004, 14 M.R.S.A. Sections 6323, 6324, and this judgment. Notice of said sale shall be given by publishing a Notice of Sale, in a newspaper of general circulation in Penobscot County, Maine, once a week for four (4) weeks. Such notice will not be published until after the expiration of the redemption period, but not later than 90 days after the expiration of the redemption period. This sale shall be held not less than thirty (30) days nor more than forty-five (45) days from the date of first publication.

      7. Brett H. Weymouth and Victoria E. (Lord) Nesin shall deliver possession of the real property to plaintiff within ten (10) days after the foreclosure sale.

      8. The mortgagee, in its sole discretion, may allow the mortgagor to redeem or reinstate the loan after the expiration of the period of redemption but before the public sale. The mortgagee may convey the property to the mortgagor (redemption) or execute a waiver of foreclosure (reinstatement) and all other rights of all other parties shall remain as if no foreclosure had been commenced.

      9. The plaintiff may bid at the foreclosure sale. If it is the successful bidder, it need not remit any funds to the Marshal provided its bid does not exceed the amount due on its mortgage, security agreements, costs of this action, and the expenses of sale. The Marshal shall then deliver a deed conveying the mortgaged premises to the purchaser on behalf of the plaintiff. Such deed shall convey the premises free and clear of all interests of Brett H. Weymouth and Victoria E. (Lord) Nesin, and any person who may have acquired an interest in the premises after the time that the Court's Certificate with respect to this action was filed in the Penobscot County Registry of Deeds. Thereafter, every

person shall be forever barred and foreclosed of all rights, claims, liens, and equity of redemption in the mortgaged real property.

    10. If someone other than the plaintiff is the successful purchaser, the buyer will be responsible for any real estate taxes, assessments, water or sewer rents which may be due with respect to the mortgaged premises. From the proceeds of the sale of the real property, the Marshal shall first pay all costs including the costs and expenses of sale; he shall then pay the United States, Rural Housing Service the principal amount due on its mortgage of $67,957.58, together with total subsidy granted in the amount of $39,826.28, plus interest in the amount of $13,449.74 through December 19, 2006, for a total of $121,233.60, plus interest from that date through the date of judgment at the per diem rate of $15.0612, plus any advances made thereafter under the terms of the mortgage and costs, plus interest at the legal rate from the date of judgment to the date of sale and costs of suit. There being no other parties that have appeared in this action, any surplusage shall then be remitted to Brett H. Weymouth and Victoria E. (Lord) Nesin.

    11. A Report of Sale and Disbursement of any proceeds therefrom shall be filed with the Clerk. If the plaintiff is the successful purchaser, the report shall indicate the amount of its bid which shall be credited against the amount due under its mortgages and security agreement.

    SO ORDERED.

                                    /s/ John A. Woodcock, Jr.
                                    JOHN A. WOODCOCK, JR.
                                    UNITED STATES DISTRICT JUDGE

Dated this 6th day of June, 2006